Wayne Wei Zhu, Esq.
Zhu Law Office PLLC
41-25 Kissena Blvd., Suite 112
Flushing, NY 11355
TEL: (718) 353-8380
FAX: (718) 353-8379

Attorney for Defendant

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

----------------------------------------------------)
WENGUI GUO a/k/a MILES KWOK,   )   **Case No.: 18-cv-03800**
                                )
            Plaintiff,          )
                                )
    -against-                   )   DEFENDANT'S
                                )   MOTION TO DISMISS
JUN CHEN a/k/a JONATHAN HO,     )
                                )
            Defendant           )
----------------------------------------------------)

Defendant, JUN CHEN a/k/a JONATHAN HO, moves this Court to pursuant to Rule FRCP Rule 12 (b) (4), (5), and (6) (insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted), Rule 55 (c), Rule 56 and Rule 60(b) and all other relevant rules of the FRCP, to dismiss plaintiff's complaint.

Dated: November 2, 2018        Respectfully submitted,

                                 s/Wayne Zhu___
                                  Wayne Wei Zhu, Esq.
                                 Attorney for Defendant

# AFFIRMATION IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

I, Wayne Zhu, Esq. affirms and says:

## INTRODUCTION

1. I am an attorney duly license to practice law and admitted to the bar of this Court.

2. I make this affirmation under penalites of perjury.

3. I am retained by the defendant to appear for this matter.

4. I am fully familiar with all the facts and circumstances herein based upon my personal contact with the defendant, my review and research of facts herein and my review of the docments herein as found in my file in this action.

### I. SERVICE WAS IMPROPER

5. As stated at length in the Defendant's motion to set aside the default entry, the intended defendant is not named "Jun Chen a/k/a Jonathan Ho," or anything even close to it. The actual defendant who was meant to be the target of this action is, upon information and belief, "Chenwen Ho." He appears herein because he used the Chinese name spelled as Chen Jun in Twitter.

6. The plaintiff tried to prove the Defendant's identity by submitting some social media reports, such as the Twitter. *See* Plaintiff's Opposition and its Exhibits. These documents are not reliable and have no weight to prove the Defendant's identity.

7. Admittedly, if a legal document contains a misspelling that is *de minimis* and does not change the clear meaning of the document, it can be overlooked. However, this is not the situation herein.

8. The defendant was allegedly was served with a Summons and Complaint wherein he was not named as a party.

9. The test of whether service is valid is whether a party reasonably believes he or she is the named defendant. If not, service is invalid.

10. Just because the person that was meant to be sued received legal papers at his or her business address cannot yield a finding of proper service. What if the name of the person being sued was correct, but the address was wrong? That cannot possibly be proper service.

11. The reasoning used herein by the plaintiff/movant is without merit. Plaintiff posits that he served a non-English speaking defendant with completely misnamed documents, but now, seven months later, claims the right to a default judgment because the defendant, who has been at best improperly served, did not file a timely answer.

12. It is therefore prayed that the motion to set aside the default entry, or in the alternative set down for a date certain for a "Travis Hearing" to determine if the service was proper.

## II. <u>VACATUR OF THE DEFAULT ENTRY</u>

13. In the Opposition to this motion the plaintiff cites <u>U.S. v. Currency in Amount of $41,807 More or Less</u>, 795 F. Supp. 540 (E.D.N.Y. 1992) on page 5 of its "Memorandum of Law" to support the proposition that there are four factors for a court to consider when vacating a default. They are:

   1. Would vacating the default prejudice the plaintiff?

   2. Is there a prima facie defense?

   3. Was there excusable neglect on the part of the defaulting party?

   4. Are there effective alternative sanctions?

An examination of these four factors make its plain that vacatur of the Default Entry herein is appropriate and the motion for summary judgement should be denied.

### There is meritorious *prima facia* defense

14. The Memorandum goes on to argue, "While district courts are urged to make explicit findings concerning all of these factors … **the meritorious factor is considered to be a dispositive "threshold question."**

(Emphasis added.) This is followed by several paragraphs of argument justifying that vacatur is improper because there is no meritorious defense.

15.     The Defendant vociferously disagrees that if there is no meritorious defense.  There is a meritorious defense, and it is agreed with the Plaintiff that this factor should be dispositive.

16.     Moreover, the standard for a meritorious defense is quite lenient and is considered less than the standard for finding neglect on the part of the defaulting party. The existence of a meritorious defense is alone enough to set aside the harsh result of a default judgment wherein there is no finding on the merits. See National Specialty Insurance Company v. Papa, U.S. District Court LEXIS 34047 (U.S.D.C. New Jersey, 2012).

17.     Furthermore, if a meritorious defense can be show, as herein, the plaintiff is not entitled to costs or expenses, absent showing the setting aside of the default judgment is prejudicial. There is no such prejudice herein. See Hausmann v. Roscher, (2001 Lexis 1097, United States District Court, Eastern District of Pennsylvania).

18.     Even a mere inadvertence to timely answering a complaint is ground to set aside a default judgment so long as there is a meritorious defense. See International Brotherhood of Electrical Workers Local Union 313 v. Skaggs, 130 F.R.D. 529(US.D.C. Delaware, 1990).

19. Moreover, the Defendant further asserts that the complaint should be dismissed because on its face it fails to state a cause of action for defamation.

20. The presence of a meritorious defense is discussed at length *infra*. However, it must be first pointed out that the plaintiff claims he is a famous public figure who has publicly and loudly proclaimed his political views re the Chinese Communist Party (CCP). He further claims that he is "… supported by more than 100 million people in Mainland China …" (paragraph 93 the Complaint) and "… more than 10 million supporters outside of China …" (paragraph 95 of the Complaint). It is noted that the Complaint is on file with the Court as of March 20, 2018 as Item Number One. All references herein will refer to the Complaint on file.

21. The plaintiff does not oppose the Plaintiff's position, but *arguendo,* assumes it is true. The plaintiff avers that he is a public figure with a large audience that regularly digests his views about the CCP and responds to them. Ergo, he cannot bring this defamation cause of action at all and it must be dismissed.

22. It is hornbook law, that from the pre-Revolutionary days of Peter Zenger until the landmark case of New York Times Co. v. Sullivan, 376 U.S. 254 (1964) and continuously through to this day, the United States has

had maintained that it is appropriate and legal to publicly criticize a public figure, especially if the criticism was also of a political nature as alleged herein. Such criticism is the highest form of protected speech. (See also Garrison v. Louisiana, 379 U.S. 64 (1964), Schiavone Construction Company v. Time Magazine, 847 F. 2d 1088 (3rd Circuit, 1988) and many, many other cases.)

23.     The Plaintiff claims to be a public figure active in his opposition to the CCP. Taking him at his word, he cannot attack someone for slander or libel if he believes he was attacked for his opposing political views. Simply because he finds attacks on him offensive, does not entitle him to sue for slander. Free political speech in a public theater (here on Twitter websites) is absolute under the First Amendment to the U.S. Constitution. See Connick v. Myers, 461 U.S. 138 (1983) and N.A.A.C.P. v. Claiborne Hardware Company, 458 U.S. 886 (1983) and many other cases.

24.     Even more supportive of this argument is that the Plaintiff has sworn in his Complaint that the "Defendant Ho **also** holds himself out to the public as a Chinese pro-democracy activist." (See paragraph 7 of the Complaint, emphasis added.) In other words, the Plaintiff admits that the criticism is from a fellow political activist.

25.     Plainly the Defendant has a *prima facia* meritorious defense because none of his criticism was defamatory. All the comments were referable to the Plaintiff's political views. The allegedly defamatory comments were made in a public forum, by a figure in a public forum, and was referring to differing views by another public figure about the CCP influence and rule of China. Public comment by a public figure about the political views of another public figure is protected speech, not subject to defamation lawsuits.

26.     Since this action concerns fair comment of the political views of a public figure, there is a meritorious defense. This argument is dispositive in support of the vacatur of the judgment.

27.     Furthermore, even a cursory reading of the complaint herein mandates that this action should be dismissed *ab initio* because the action itself is not meritorious.

28.     The underlying Complaint contains is long and detailed (142 paragraph in total before the *ad damnum* paragraphs), but most it is irrelevant. Moreover, it is redolent of an *ad hominin* attack upon the Defendant.

29.     The Plaintiff WENGUI GUO, a/k/a MILE KWOK asserts that he is a Chinese political dissident, who "regularly speaks on You Tube and Twitter

about Chinese politics and human rights issues." (See the Complaint, paragraph "1".) Further that his "a pioneer" in the "fight for the rule of law, human rights, freedom and freedom in China." (See the Complaint, paragraph "2".)

30. The Plaintiff continues that the "fights corruption"; his "actions have made an unprecedented impact on the international image and credibility of the Community Party of China (CCP)"; "has approximately 495,000 followers"; "… is the one man who single-handedly challenged the CCP…"; and other blatantly false and silly self-aggrandizing statements. (See Complaint, "3-6".)

31. Paragraphs 24 through 112 of the Complaint (almost 2/3 of the Complaint) contains nothing about any defamation or other attack upon the Plaintiff. It is a lengthy and irrelevant hagiography that serves no purpose except to extol the supposed virtues of the Plaintiff.

32. The only relevant legal issue to be deduced from that part of the complaint is where the Plaintiff avows that he is a famous and important public figure whose deeds and published views are renowned and respected.

33. The Court is respectfully referred to paragraphs 28, 42, 55, 67, 71, 7576, 88, 92, 93, 97, 101. 103, and 109 of the Complaint. Furthermore, a

subsection of the Complaint, 81-112 is entitled, "Guo's Emergence as a Preeminent Whistleblower and Critic of Corruption".

34. Based upon the foregoing, there can be no question but that the Plaintiff presents himself as an active, important, renowned public figure, famous for his political views and actions made in opposition to the CCP.

35. Like the Plaintiff, defendant CHENWEN HO opposes the CCP, is active in the democracy movement within the Chinese expatriate community and is active on Twitter.

36. An ongoing and lively internet discussion goes on amongst the Chinese dissident community as to what steps should be taken to oppose the CCP. Additionally, there are discussions and news about various protests, human rights violations, news articles and the actions of the CCP, and how to undermine the CCP.

37. Many of the dissidents have their own You Tube accounts and Twitter accounts. Inevitably there are some disagreements between and amongst the persons who read and write these accounts. They are disagreements as to what tactics should be used to oppose the CCP.

38. However, these disagreements, arguments and other points of view are part of the normal give and take. They are political discussion of the

issues that are being debated. The debates are not malicious *ad hominin* attacks, although they can become quite strident.

39. For whatever reason, whenever the position of plaintiff, WENGUI GUO a/k/a MILES KWOK, is opposed by another person he takes it personally, and immediately believes not that they are not attacking his point of view but are attacking him personally. He then sues only so he could intimidate the "attacker" into silence.

40. This happened in the case of <u>Wengui Guo a/k/a Miles Kwok v. Jianbin Yuan (with counterclaims and a third-party action)</u>, U.S.D.C., Central District of California, 2018-cv-2276. In that action, as herein, the plaintiff brought a spurious lawsuit, claiming that he was wronged. It is only one example of the arrogant behavior of the Plaintiff, using his position and wealth (which her referred in paragraphs 63-68 of the Complain) to intimidate his critics.

41. The Plaintiff's entire action herein is an act of hypocrisy by the Plaintiff. He avails himself to make public political and *ad hominin* attacks, yet squeals when someone opposes him, and uses legal action as a club to silence his opposition. And yet his holds himself out as a public champion of opposition to the CCP, while brooking no opposition to his viewpoint.

42. Annexed hereto made a part hereof as **Exhibit A** are several excerpts from the Plaintiff's Twitter account from February of 2018.They are rife with allegations of rumors and plots and attacks on others. Yet there is no specific allegation. It would be unjust for the Plaintiff to continue this absurd action wherein he is alleging the Defendant of actions but has not quoted a single allegation that the Plaintiff allegedly made that can be thought of as defamatory, especially considering the Plaintiff's public position.

43. The only words that were supposedly defamatory are found in paragraphs 115, 116 and 117 of the Complaint.

44. Paragraph 115 of the complaint alleges that on his Twitter account the Plaintiff wrote "Wengui Guo tells big lies and little lies." Without even considering whether what was written was true or not, the Plaintiff, who is a public figure (by his own reckoning) cannot bring an action if someone criticizes or alleges his statements are false. That is fair comment on a public opinion that is protected speech and may not be the subject of a defamation lawsuit.

45. Paragraph 116 alleges that on his Twitter account the Plaintiff wrote "that Guo "conspired" to feign an assault on himself." Again, without even considering whether what was written was true or not, the Plaintiff, who is a public figure (by his own reckoning) cannot bring an action if someone else

alleges his statements are false. That is an opinion that was stated and should be debated in the public forum. Protected speech is not be the subject of a defamation lawsuit.

46.     Paragraph 117 alleges that "he would feel sorry for (Guo) if (he watched him)" and that this was a clear threat of physical harm. This is absurd. Any reading that there is a threat of physical harm is ludicrous and has no connection to reality.

47.     Paragraphs "24" through "112" is self-penned hagiography. It has nothing to do with the instant action.

48.     Paragraphs "113" through "117" is a thinly disguised *ad hominin* attack on the defendant.

49.     Paragraphs "118" through "142" are entitled as four various claims of causes of action. However, they are simply more thinly disguised *ad hominin* attacks on the defendant.

50.     In the first cause of action, paragraph "119" through "121" not only claim malice, but that the defendant is little importance because he has "only" 9,500 Twitter followers. The plaintiff claim that he must be the voice of truth since he has, or at least claims he has, over 495.000 followers on Twitter is absurd. No matter how many Twitter followers he may have, other persons are obviously entitled to differing opinions.

51. In the second and third causes of action the Plaintiff alleges in paragraphs "124 and "131" that the defendant accused the plaintiff of rape, money laundering, fraud, debauchery and other scandalous accusations. Yet throughout the preceding dozens of paragraphs there is not one factual allegation of when and where such statements were made. There are only generalized accusations of defamation.

52. Moreover, even if these allegations exit somewhere, they are still protected speech about a public figure.

53. The plain reality is that the plaintiff, as shown by his 88 paragraph long "biography", is simply bringing this action for reason that to assuage his ego since he has suffered hurt feelings because not everyone in the Chinse expatriate community agrees with his political views.

54. This entire action is a waste of the court's valuable time and resources because the Plaintiff cannot tolerate any political views that are in opposition to this essentially internecine fight.

55. So long as there is a meritorious defense, and absent gross negligence, justice mandates that a default judgment be set aside in favor of a finding on the merits. <u>Tozer v. Charles A. Krause Milling Co</u>, 189 F. 2nd 242 (3rd Circuit, 1951).

### Would vacating the default prejudice the plaintiff?

56.	There is no prejudice to the Plaintiff if the case goes forward. The allegations are based upon a Twitter account which still exists and for which there are records. Since this case is based entirely on written statements that still exist there is not prejudice to the Plaintiff.  All the evidence is extant and not subject to spoilage.

57.	Moreover, the Plaintiff argues that the Defendant was served five months ago. (page 8 of the Plaintiff's Memorandum.) Assuming, *arguendo*, that is true, the Plaintiff cannot claim it is prejudiced at this time when it was the Plaintiff that let five months (according to the Plaintiff) elapse before bringing this motion. It would be unjust to allow the Plaintiff to claim it was prejudiced by the passage of time when the Plaintiff itself allowed such passage of time. If time were such an important factor he should have brought the motion for a Default Judgment months ago.

58.	The mere passage of time, without more proof of harm does not justify the default judgment when the records are clear and obtainable. See <u>Dole Fresh Fruit Company v. Delaware Cold Storage</u>, 961 F. Supp 676 (U.S.D.C. Delaware, 1997).

### **Was there excusable neglect?**

59.	As argued hereinabove, the very name on the complaint was wrong. Furthermore, by the admission of the Plaintiff, it has been over five months

in since the compliant was allegedly served? Surely if the alleged defendant receives a document addressed to someone else, and then hears nothing for months thereafter, it is understandable that he did not respond. (Please note the underlying motion was filed on March 20, 2018 and the Request for a Default Judgment was filed October 9, 2018. Hence the actual lapse of time was closer to seven months.)

60. It was over half a year later, when Defendant received other documents requesting a default judgment that he was prompted to respond. The failure to respond to a document not even addressed to him is excusable neglect.

61. However, even if *arguendo* there was not excusable neglect, the presence of a meritorious defense takes precedence and mandates that setting aside of the default judgment.

62. The case of <u>Wengui Guo a/k/a Miles Kwok v. Jianbin Yuan (with counterclaims and a third-party action)</u>, U.S.D.C., Central District of California, 2018-cv-2276, demonstrates that the Plaintiff is in the habit of abusing process in order intimidate those who oppose him.

63. In that case, as herein, the Plaintiff brought a case simply because the defendant therein politically disagreed with him.

64. As stated hereinabove, it is virtual hornbook law that such disagreements are protected speech.

65. The instant action is on its face fraudulent, only exists as abuse of process to intimate the Defendant and is devoid of merit. As discussed herein, there is a meritorious defense.

66. This action should not only be overturned but dismissed pursuant to F.R.C.P. 56.

## CONCLUSION

For the reasons affirmed herein the Default Judgment should be stricken, and the entire action should be dismissed with prejudice or in the alternative, as there is not prejudice to the Plaintiff, the Defendant should be permitted to timely serve and answer with counterclaims, and this court should find what other, further and different relief it deems just and proper.


Dated: Flushing, York
      November 2, 2018

                              S/ Wayne Zhu
                              _____
                              Wayne Wei Zhu, Esq.
                              Zhu Law Office PLLC
                              Attorney for the Defendant
                              41-25 Kissena Blvd., Suite 112
                              Flushing, NY 11355
                              TEL: (718) 353-8380
                              FAX: (718) 353-8379